IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JOSEPH WILLIAM GILLIN,<br><br>Petitioner,<br><br>vs.<br><br>GEORGE SKULETICH, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 17-42-BU-BMM-JCL<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On July 7, 2017, Petitioner Joseph William Gillin filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he was being unlawfully held in the Butte Silverbow Detention Center on a parole revocation matter. (Doc. 1 at 4-6). The Court issued an order directing Gillin to explain what had occurred in the state revocation proceedings and also explain what steps he had taken to exhaust his state remedies. (Doc. 4). Gillin timely responded. (Doc. 8).

It appears Gillin has unsuccessfully attempted to present his claims in the state district court. See, (Doc. 5 at 1-5). It also seems Gillin may be confused and believes that by filing the present petition, he was raising his claims with the Montana Supreme Court. *Id.* at 5. Gillin additionally requested, "If I have skipped

1

a step in this process, please direct me accordingly, and inform me on what avenue to proceed." *Id*. As explained below, by not exhausting his claims in the state courts of Montana, Gillin has, in effect, skipped a step. This petition should be dismissed without prejudice in order to allow Gillin to exhaust his claims and then return to this Court, if necessary, at a later date.

    i.      **Analysis**

Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). The exhaustion requirement is grounded in the principles of comity and gives states the first opportunity to correct alleged violations of a prisoner's federal rights. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id. See also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (discussing *Picard v. Connor*, 404 U.S. 270 (1971) and *Anderson v. Harless*, 459 U.S. 4 (1982)). A

petitioner must meet all three prongs of the test in one proceeding.

A review of Gillin's petition and his response to this Court's order reveals his claims have not yet been presented to and adjudicated by the state courts. Gillin's efforts at exhaustion are ongoing. Accordingly, there are still remedies available to Gillin under state law, including extraordinary, direct, and collateral review. Because Gillin has not yet exhausted his available state court remedies, this Court cannot review the claim. See, *Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal is without prejudice, *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000), and Gillin may return to this Court if and when he fully exhausts the claims relative to his current custody.

### ii. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also

decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Gillin has not made a substantial showing that he was deprived of a constitutional right. Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings at this time. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability should be denied.

Based on the foregoing, the Court makes the following:

## RECOMMENDATION

1. The Petition (Doc. 1) should be DISMISSED without prejudice as unexhausted.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Gillin may object to this Findings and Recommendation within 14

days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Gillin must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u>  Failure to do so may result in dismissal of his case without notice to him.

DATED this 7th day of August, 2017.

*/s/ Jeremiah C. Lynch*
Jeremiah C. Lynch
United States Magistrate Judge

---

[1] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.